IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REBECCA WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 11-cv-1129-MJR |
| RICHARD K. CONNOLLY, and | ) |
| ENTERPRISE LEASING CO., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This case was originally filed in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. Plaintiff Rebecca Wells alleges that she was injured in an auto accident in St. Clair County, Illinois. According to the complaint, Defendant Richard K. Connolly was driving a rental car owned by Defendant Enterprise Leasing Company when he rear-ended plaintiff's vehicle. Pursuant to 28 U.S.C. §§ 1441 and 1446, Enterprise Leasing removed this action to federal court, based on diversity jurisdiction (28 U.S.C. § 1332). This Court's first task is to verify that subject matter jurisdiction lies. *See, e.g., Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010); *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 740 (7th Cir. 2007). Also, before the Court is Defendant Enterprise Leasing Company's Motion to Dismiss for Fraudulent Joinder (Doc. 5).

As a preliminary matter, Defendant Enterprise Leasing's Notice of Removal is defective. Enterprise Leasing invokes subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332, which requires complete diversity between the parties and an amount in controversy exceeding $75,000.

Given the nature of the claims and the reference to permanent injuries and future medical expenditures, the Court is satisfied that the over-$75,000 hurdle is cleared, even though the complaint only prays for "in excess of $50,000.00" for each claim. *See LM Insurance Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547-548 (7th Cir. 2008) (a case will be dismissed only if it is a legal certainty that the amount in controversy cannot be recovered; and, claims may be aggregated to satisfy the jurisdictional amount in certain circumstances). Nevertheless, the complaint omits certain information the Court needs to verify that the parties are completely diverse. Although the citizenship of Plaintiff Wells and Defendant Enterprise Leasing is correctly set forth, the citizenship of Defendant Connolly is not properly pleaded. Rather than specifying Connolly's citizenship, he is merely described as being a "resident" of Colorado. Therefore, at a minimum, Enterprise Leasing must supplement its Notice of Removal to clarify Connolly's citizenship.

In the interest of judicial economy, Defendant Enterprise Leasing's Motion to Dismiss for Fraudulent Joinder (Doc. 5) will be briefly addressed. Without citation to any legal authority, Enterprise Leasing argues that it has been fraudulently joined in order to defeat diversity jurisdiction. More specifically, Enterprise Leasing argues that Plaintiff has failed to state a cause of action against it. Because the Court's jurisdiction must still be clarified, the motion is considered premature. At the risk of offering an advisory opinion, and although the deadline for Plaintiff to respond to the motion to dismiss has not passed, the Court notes that the motion is fatally flawed. Enterprise Leasing's motion is premised upon the notion that it was fraudulently joined in order to defeat diversity jurisdiction—in order to keep the case in state court. However, this argument ignores the fact that diversity jurisdiction appears to exist regardless of whether Enterprise Leasing is a defendant. By Enterprise Leasing's own account:

Plaintiff is a citizen of Illinois; Enterprise Leasing is incorporated in Delaware and has its principal place of business in Missouri; and Defendant Connolly is a resident—and presumably a citizen—of Colorado. The underlying question of whether Plaintiff has stated a claim against Enterprise Leasing has is not properly presented in the current motion and will not be discussed.

**IT IS THEREFORE ORDERED** that, on or before January 18, 2012, Defendant enterprise Leasing shall file a Supplemental Notice of Removal clarifying the citizenship of Defendant Connolly.

**IT IS FURTHER ORDERED** that Defendant Enterprise Leasing's Motion to Dismiss for Fraudulent Joinder (Doc. 5) is **DENIED** as premature.

**IT IS SO ORDERED.**

**DATED:  January 4, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**